UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS FINLEY,

    Petitioner,

v.

SHERRY L. BURT,

    Respondent.
_____/

Case No. 2:15-cv-14455

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS [#5]
AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

**I. INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Carlos Finley ("Petitioner") was convicted of Carjacking, MICH. COMP. LAWS § 750.529a; Unlawfully Driving Away an Automobile, MICH. COMP. LAWS § 750.413; and Receiving and Concealing a Stolen Automobile, MICH. COMP. LAWS § 750.535(7), in Wayne County Circuit Court on January 16, 2013. Dkt. No. 1, p. 2 (Pg. ID No. 2). Petitioner was sentenced to 15 to 30 years imprisonment on the carjacking conviction and 46 months to 15 years for the second and third counts, to be served concurrently. *Id.*

In his current petition, he raises claims concerning the unduly suggestive

-1-

nature of his lineup identification, introduction of improper evidence at trial, and application of an incorrect legal standard with regard to his past convictions. *Id.* at 4–8 (Pg. ID No. 4–8). The matter is before the Court on Petitioner's motion to hold his habeas petition in abeyance and stay the proceedings so that he may return to the state courts and exhaust an additional issue concerning the effectiveness of trial counsel. For the reasons stated, the Court grants Petitioner's motion.

## II. BACKGROUND

Petitioner's convictions arise from the carjacking of a vehicle. Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising some of the same claims contained in his current petition. The Michigan Court of Appeals affirmed his convictions. *People v. Finley*, No. 315248, 2014 WL 2810134 (Mich. Ct. App. June 19, 2014). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Finley*, 497 Mich. 948, 857 N.W.2d 23 (2014). Petitioner dated his federal habeas petition on December 16, 2015. Dkt. No. 1, p. 40 (Pg. ID No. 40). He dated his motion to stay the proceedings on January 27, 2016. Dkt. No. 5, p. 7 (Pg. ID No. 53).

### III.  DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir. 2012), *cert. denied* 133 S. Ct. 535 (2012). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Consequently, to be properly exhausted, each claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 418–19 (6th Cir. 2009).

Petitioner has exhausted state remedies for his challenges to the nature of his lineup identification, the introduction of an AK-47 clip into evidence, and admission of Petitioner's prior convictions for the purpose of impeachment. However, Petitioner has not exhausted state remedies for his claim alleging ineffective assistance of trial counsel. A dismissal of this case while Petitioner pursues additional state remedies for the unexhausted claim could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of

limitations for filing a habeas petition. *See* 28 U.S.C. § 2244(d). In similar circumstances, some courts have adopted a "stay-and-abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Under this approach, a court stays the federal proceedings and holds the habeas petition in abeyance while the inmate pursues state remedies for his or her unexhausted claims. *Id*. After the state court completes its review of the inmate's claims, the federal court can lift its stay and allow the inmate to proceed in federal court. *Id*. at 275–76.

Federal district courts have authority to issue stays, *id*. at 276, and it likely would be an abuse of discretion to deny a stay and to dismiss a petition for failure to exhaust state remedies when the petitioner has good cause for his failure to exhaust state remedies, his unexhausted claims are potentially meritorious, and he is not engaged in intentionally dilatory litigation tactics. *Id*. at 278. The petitioner's interest in obtaining federal review of his claims in those circumstances "outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*.

Petitioner seeks a stay so he may return to the state courts to exhaust state remedies for ineffective assistance of trial counsel. These claims are not plainly meritless. Nor does it appear that Petitioner is engaged in dilatory litigation tactics. Furthermore, if the Court dismissed the habeas petition, a future petition could be

time-barred. The Court concludes that it would be an abuse of discretion not to stay these proceedings while Petitioner pursues additional state remedies.

Accordingly, IT IS ORDERED that Petitioner's motion to stay his habeas corpus petition [#5] is **GRANTED**.

IT IS FURTHER ORDERED that, if Petitioner is unsuccessful in state court, he may return to this Court and file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order. An amended petition and motion to re-open this case must be filed within **sixty (60) days** of exhausting state remedies for Petitioner's new claims.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's exhausted claims.

IT IS SO ORDERED.

Dated: February 8, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge